WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Ruth Woods-White,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-24-01405-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. (Doc. 2). The Ninth Circuit Court of Appeals has discussed when a district court should grant in forma pauperis status:

> Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious. [footnote omitted] *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948). The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1960). Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).
> 
> …
> 
> As noted above, there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status.

*Escobedo v. Applebees,* 787 F.3d 1226, 1234-36 (9th Cir. 2015). The Court of Appeals noted in its analysis: "Once [Escobedo's] rent and debt payments were taken into account,

she would have had to dedicate the entirety of two-months' worth of her remaining funds, meaning that she would have to forego eating during those sixty days, to save up to pay the filing fee." *Id*. at 1235.

Thus, a possible reading of *Escobedo* is that if Plaintiff's expenses exceed her income, generally Plaintiff is eligible for in forma pauperis status. *Id.* However, taken to its extreme, this reading would mean even someone earning a significant income would qualify for in forma pauperis status as long as they are spending more than they make.

This case presents such a dilemma. Plaintiff and her spouse earn over $125,000 per year.[1] (Doc. 2). After their expenses are paid, they have $1,548.00 monthly in disposable income. (*Id*.). In this Court's opinion, that is sufficient funds to pay the filing fee.

However, in her application, Plaintiff indicates she and her spouse have two car loans, 12 credit card payments, and two home improvement loans. (*Id.*). Plaintiff further indicates that they are so far behind on their debt that they have declared bankruptcy. (*Id*.). Faced with a similar situation, another Court stated:

> The Court is sympathetic to Plaintiff's financial constraints, and acknowledges that he reports he and his spouse are in arrears with their bills. However, to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life. *Escobedo*, 787 F.3d at 1234. Plaintiff has not shown that he falls within this category. He has a regular source of income, his monthly utility and recreation expenditures seem high, and according to the application, he has a surplus of $1,153.40 each month. On balance, Plaintiff's monthly income, expenses, and assets put him above the poverty threshold needed to qualify for IFP status.

*Reardon v. O'Malley*, No. 4:24-CV-00156-CWD, 2024 WL 2160514, at *2 (D. Idaho Apr. 18, 2024), *report and recommendation adopted,* No. 4:24-CV-00156-BLW, 2024 WL 2158481 (D. Idaho May 14, 2024).

This Court reaches the same conclusion. Plaintiff can reasonably pay court costs without forgoing the normal necessities of life. Therefore,

---

[1] The Ninth Circuit Court of Appeals has held that whether spousal income may be considered in the ability to pay inquiry is a fact question based on a particular plaintiff's circumstances. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015). In this case, Plaintiff pays for housing, her spouse pays for food, and her debt is all paid by the spouse. Thus, the funds are shared in this community property state.

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is denied. Within 14 days of this Order Plaintiff shall pay the filing fee. If Plaintiff fails to pay the filing fee within this deadline, the Clerk of the Court shall dismiss this case, without prejudice, and enter judgment accordingly.

Dated this 20th day of June, 2024.

*James A. Teilborg*
Senior United States District Judge